**Note changes made by the Court at ¶ B.7**

Dean Gazzo Roistacher LLP
Mitchell D. Dean, Esq. (SBN 128926)
Deborah L. Nash (SBN 118572)
440 Stevens Avenue, Suite 100
Solana Beach, CA  92075
Telephone:  (858) 380-4683
Facsimile:  (858) 492-0486
E-mail:  mdean@deangazzo.com
hparadis@deangazzo.com

Attorneys for Defendants
City of Placentia; Officer Thomas McKenzie; Officer Taylor Revard; Officer Austin Martinez; Officer Brad Butts, Chief of Police of Placentia Police Department

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER SEAN MOHAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PLACENTIA, a municipal entity; PLACENTIA POLICE DEPARTMENT; Officer THOMAS MCKENZIE; Officer TAYLOR REVARD; Officer AUSTIN MARTINEZ, an individual; BRAD BUTTS, as Chief of Police of Placentia Police Department; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 8:24-cv-01105-SB-KES<br><br>**STIPULATED PROTECTIVE ORDER FOR RECORDS PRODUCED IN RESPONSE TO CITY'S SUBPOENA FOR ORANGE COUNTY SHERIFF-CORONER DEPARTMENT RECORDS**<br><br>Courtroom:  6C<br>Judge:        Ann Hwang<br>Magistrate:  Karen E. Scott<br><br>Complaint Filed: 05/23/2024<br>Trial Date: None set |

**A.    RECITALS, PURPOSES AND LIMITATIONS**

This is a Stipulation for Protective Order entered into between Plaintiff, Chritopher Sean Mohan, by and through his attorney of record, Defendants City of Placentia, et al (hereinafter Defendants) by and through their attorneys of record, and non-party witness, the custodian of records of the Orange County Sheriff-Coroner Department ("OCSD"), by and through their attorneys of record.

///

1

Defendants served a subpoena seeking "Complete records from the first date to the present, including but not limited to call recordings, call logs, transcripts, CAD logs, traffic collision reports, photographs, MPEF files, digital images, reports, notes records, writings, letters, citations, time records, evidence logs, diagrams, and supplements referring to, relating to or memorializing the following: to include any an d all records from Orange County Central Men's Jail; and 550 Flower St., Santa Ana, CA 92703" relating to Christopher John Mohan Plaintiff.

OCSD has limited records relating to Plaintiff. Records that OCSD has that are responsive to the subpoena are jail records containing Local Summary Criminal History Information, as defined at California Pena Code (CPC) section 13300 (a)(1) as: "means the master record of information compiled by any local criminal justice agency… pertaining to the identification and criminal history of any person, such as name, date of birth, physical description, dates of arrests, arresting agencies, and booking numbers, charges, dispositions, and similar data about the person." Local Summary Criminal History Information may be produced by OCSD only as outlined in CPC section 13300.

CPC section 13300 (12) clarifies the subject of the records may obtain its own records. In this matter, Defendants served Plaintiff's counsel with the subpoena and Plaintiff has not lodged an objection against the responsive records being released.

**B.   STIPULATION**

Therefore, IT IS HEREBY STIPULATED AND AGREED by and between Defendants, Plaintiff, and OCSD, through their respective attorneys of record that:

1. OCSD will produce records in its custody and control that are responsive to the subpoena served by Defendants counsel.

2. Defendants' attorneys of record, their staff, and any other attorney who receives said responsive records shall not copy or reproduce any portion of the responsive records, except as necessary to the defense of this case.

3.  The records produced in response to the pending Subpoena, shall not be provided to any other third party not specifically identified within the present order, except as necessary to the defendants in this case.

4.  Also, the records produced subject to the present order may be shown to and shared with any expert, investigator, or other third party as long as the third party has agreed in writing to be bound by the terms of this Stipulated Protective Order.

5.  The responsive records produced by the OCSD subject to this Stipulated Protective Order shall be used solely in connection with the defense of the instant case, including any associated appellate proceedings and collateral review, and not for any other purpose.

6.  Because Plaintiff is entitled to records relating to himself, this protective order does not control what Plaintiff may do with the records.

7.  None of the requirements in ¶¶ 2-5 apply to the Court or its personnel.

## C.  GOOD CAUSE STATEMENT

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to Defendants' subpoena and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

### D. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

### E. MISCELLANEOUS

1. Nothing in this Order abridges the rights and limitations of the parties to this action stated in the existing Confidentiality Order entered into by Plaintiff and Defendants and signed by this Court on September 3, 2025. (ECF 32) As a non-party to the instant case, OCSD has been provided a copy of that Stipulation and Order.

2. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

///

3. By stipulating the entry of this Protective Order no Party waives any right, it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Protective Order.

4. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**F.  FINAL DISPOSITION**

After the final disposition of this Action within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2)affirms that the Receiving Party has  not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: April____, 2025          Orland Law Group APC
                                By:_____
                                James J. Orland
                                Samuel Adam Mann
                                Attorneys for Plaintiff
                                Christopher Sean Mohan

Dated: April _____, 2025         Dean Gazzo Roistacher LLP
                                By:_____
                                Mitchell D. Dean
                                Deborah L. Nash
                                Attorneys for Defendants
                                City of Placentia; Officer Thomas
                                McKenzie; Officer Taylor Revard;
                                Officer Austin Martinez; Officer
                                Brad Butts, Chief of Police of
                                Placentia Police Department

Dated: April _____, 2025         Leon J. Page
                                and Wendy J. Phillips, Senior
                                Deputy

                                By:_____
                                Wendy J. Phillips, Senior Deputy
                                Attorneys for Non-Party
                                Orange County Sheriff-Coroner
                                Department

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: <u>April 4, 2025</u>          *Karen E. Scott*
                                     _____
                                     Karen E. Scott
                                     United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, Jame L. Orland, of Orland Law Group APC, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on April ___, 2025 in the case of *Christopher Sean Mohan v. City of Placentia, et al.*, Case No. 8:24-cv-01105-SB-KES. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint or type full name] of

_____

[print _ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:

City and State where sworn and signed:

Printed name: _____

Signature: _____

7

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, Deborah L. Nash of Dean Gazzo Roistacher LLP, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on April ___, 2025 in the case of *Christopher Sean Mohan v. City of Placentia, et al.*, Case No. 8:24-cv-01105-SB-KES. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint or type full name] of _____
[print _ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date:

City and State where sworn and signed:

Printed name: _____

Signature: _____